Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| JORGE M. QUIÑONES LÓPEZ<br><br>Recurrente<br><br>v.<br><br>BREMEN AUTO GROUP, INC., POPULAR AUTO, LLC<br><br>Recurrido | KLRA202400080 | Revisión procedente del Departamento de Asuntos del Consumidor<br><br>Querella núm.: CAG-2020-0002205<br><br>Sobre: Compra Venta de Vehículos de Motor |

Panel integrado por su presidente, el juez Sánchez Ramos, el juez Pagán Ocasio, el juez Marrero Guerrero y la jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de marzo de 2024.

Luego de una vista en su fondo, el Departamento de Asuntos del Consumidor ("DACo") declaró sin lugar una querella presentada luego de un choque del vehículo de motor del querellante. Según se explica en detalle a continuación, procede confirmar la decisión recurrida, pues el récord sostiene la conclusión de DACo a los efectos de que al querellante se le informó, al comprar el vehículo varios años antes del choque a raíz del cual se presenta la querella, que el mismo tenía piezas de reemplazo por un accidente anterior a la referida compra.

I.

En **octubre de 2016**, el Sr. Jorge M. Quiñones López (el "Querellante") adquirió de Bremen Auto Group (el "Dealer") un vehículo usado marca Lexus, modelo 1S250 del año 2015 (el "Vehículo"). El Querellante financió la compra con Popular Auto bajo un contrato de arrendamiento.

Casi cuatro años luego de que el Querellante comprase el Vehículo, **en julio de 2020**, el Querellante, mientras conducía el

Vehículo, cayó en un hoyo, lo que provocó que perdiera el control e impactara una valla de seguridad (el "Accidente Reciente"). El Querellante le reclamó a su aseguradora, pero este no estuvo conforme con la oferta de la aseguradora. Al sostenerse en su oferta, a través de un correo electrónico de 23 de julio de 2020, la aseguradora se refirió a que el Vehículo estuvo involucrado en un accidente anterior al Accidente Reciente.

En octubre de 2020, el Querellante presentó la acción de referencia (la "Querella") ante el DACo; alegó que el Dealer incurrió en dolo y que, de haber tenido conocimiento que el Vehículo había sido previamente impactado, no hubiese adquirido el mismo. Sostuvo que su interés era la rescisión del contrato, la devolución de lo pagado y una indemnización de $25,000.00 por los daños y angustias mentales sufridos.

El DACo inspeccionó el Vehículo el 13 de mayo de 2021. El perito que estuvo a cargo de la inspección concluyó en su informe que: 1) el bonete fue repintado y mostraba sello de reasignación de piezas por DTOP; 2) el parachoques delantero de la goma fue repintado; y 3) el guardalodos delantero (lado pasajero) fue repintado y mostraba sello de reasignación de piezas de DTOP. Además, advirtió que el reemplazo de la pieza dentro del armazón del guardalodos delantero reflejaba una reparación de impacto mayor. El informe del perito no fue objetado por las partes.[1]

Luego de la correspondiente vista evidenciaria, mediante una Resolución notificada el 27 de diciembre de 2023 (la "Decisión"), el DACo declaró sin lugar la Querella. La agencia estimó probado que, cuando el Querellante compró el Vehículo, el Dealer le informó al Querellante que el Vehículo había sido impactado en el área del

---

[1] Véase, Apéndice IX del recurso, págs. 53-54.

*bumper* delantero y que se le habían reemplazado unas piezas junto con las etiquetas correspondientes.

En efecto, el DACo determinó que, cuando el Querellante adquirió el Vehículo, el Dealer le indicó a este, a través de una *Hoja de Trabajo y Acuerdo*, que la unidad tenía tres etiquetas reasignadas en el *bumper* delantero porque había sido impactado y reparado (el "Accidente Anterior"). Específicamente, en la Resolución, y sobre la base del Exhibit 11 (*Hoja de Trabajo y Acuerdo*) presentado ante el DACo, se consignó que el Dealer "le indicó al Querellante por escrito mediante una *Hoja de Trabajo y Acuerdo* que el vehículo tenía 3 *labels* reasignados porque el vehículo tuvo un impacto en el bumper delantero por lo que se reparó y se le cambiaron esas piezas." Apéndice a las págs. 68-69[2].

El DACo también razonó que, contrario a la teoría del Querellante, la aseguradora no le había comunicado a este que el Vehículo hubiese sido declarado como pérdida total como consecuencia del Accidente Anterior. El DACo concluyó que "de la evidencia presentada por el Querellante no se desprende tal información y solo se indica que el vehículo sufrió un 'impacto mayor en la parte delantera' y una fotografía que muestra el vehículo impactado en la parte delantera. Fotografía que el Querellante no tomó, no conoce la fecha en que se tomó y no conoce las circunstancias previas a la fotografía".

El DACo también consignó que el "informe de inspección" de la agencia no señaló ningún tipo de problema; que el Querellante "pudo utilizar el vehículo sin problemas desde que lo compró en 2016 hasta el incidente que tuvo en 2020", que el Vehículo "ha servido para el propósito para el cual [se] adquirió" y que, si el Vehículo no pasó inspección en 2021, ello se debería a la falta de

---

[2] El Querellante no cumplió con su obligación de incluir en el Apéndice copia del Exhibit 11 considerado por el DACo.

reparación del Vehículo por el Querellante luego del Accidente Reciente.

El 16 de enero, el Querellante solicitó la reconsideración de la Decisión, lo cual el DACo denegó mediante un dictamen notificado el 17 de enero.

Inconforme, el 16 de febrero, el Querellante presentó el recurso que nos ocupa; le imputa al DACo los siguientes errores:

1. Erró el Departamento de Asuntos al Consumidor al determinar que los correos electrónicos, fotografías y récord de negocios certificado por Mapfre son prueba de referencia cuando el propio querellante testificó que recibió el documento de su aseguradora y que de los propios emails surge su correo electrónico.

2. Erró el Departamento de Asuntos del Consumidor al archivar la querella.

Prescindiendo de trámites ulteriores, de conformidad con lo autorizado por la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5), resolvemos.

II.

En nuestra función revisora, debemos gran consideración y deferencia a las decisiones de las agencias administrativas. *Vélez Rodríguez v. ARPE*, 167 DPR 684, 693 (2006). Ello en atención a la experiencia y el conocimiento especializado que tienen los organismos administrativos sobre las leyes y reglamentos que administran. *González Segarra v. CFSE*, 188 DPR 252, 276 (2013). Las decisiones administrativas gozan de una presunción de corrección y regularidad que debe ser respetada mientras no se produzca evidencia suficiente para derrotarlas. *Otero v. Toyota*, 163 DPR 716, 728 (2005).

La revisión judicial de las decisiones administrativas se limita a tres aspectos: (1) si el remedio concedido fue apropiado, (2) si las determinaciones de hechos de la agencia están basadas en evidencia sustancial que obre en el expediente administrativo, y (3) si las

conclusiones de derecho fueron correctas. *Pagán Santiago v. ASR,* 185 DPR 341, 358 (2012); Sec. 4.5 de la Ley Núm. 38-2017, *Ley de procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* 3 LPRA sec. 9675 ("LPAU"). Evidencia sustancial es "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero,* 163 DPR a la pág. 728; *Rebollo v. Yiyi Motors,* 161 DPR 69, 76-77 (2004).

La parte que impugne las determinaciones de hecho de la agencia deberá "demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se puede concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración". *Otero,* 163 DPR a la pág. 728; *González Segarra,* 188 DPR a la pág. 277.

Así pues, no se exige que la decisión de la agencia sea la única conclusión lógica a la que podría llegar un juzgador. Es decir, sobre la base de la totalidad de la prueba, es posible que se llegue a dos conclusiones distintas. No obstante, el tribunal revisor no deberá imponer su criterio por encima de aquel de la agencia si su conclusión fue razonable.

Por último, la deferencia a las decisiones administrativas cede: (1) cuando no está basada en evidencia sustancial, (2) la agencia erró en la aplicación de la ley y (3) cuando ha mediado una actuación irrazonable o ilegal. *González Segarra,* 188 DPR a las págs. 277-278; *Otero,* 163 DPR a la pág. 729.

Las conclusiones de derecho son revisables en todos sus aspectos por el tribunal. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. No obstante, esto no significa que tenemos libertad absoluta para descartar libremente las conclusiones e interpretaciones de la agencia. *Otero,* 163 DPR a la pág. 729. El tribunal revisor tiene que hacer una evaluación **a la luz de la totalidad del expediente** y, de

confrontarse con un resultado distinto al obtenido por la agencia, debe determinar si la divergencia es razonable. *Íd.* La razonabilidad puede estar basada en la pericia particular de la agencia, en consideraciones de política pública o en la apreciación de la prueba que tuvo ante su consideración. *Íd.* Por tanto, debemos ser deferentes a las interpretaciones y aplicaciones de las leyes y reglamentos que están dentro del conocimiento especializado de la agencia. *Rebollo,* 161 DPR a la pág. 78.

En cuanto al uso de la prueba de referencia en los foros administrativos, la Sección 3.3 (e) de la LPAU dispone que "[l]as Reglas de Evidencia no serán aplicables a las vistas administrativas, pero los principios fundamentales de evidencia se podrán utilizar para lograr una solución rápida, justa y económica del procedimiento". 3 LPRA sec. 9653(e). Es decir, el carácter informal y flexible, que distingue a los procesos administrativos, permite que el juzgador de hechos conozca toda la información pertinente para dilucidar la controversia que tiene ante sí, por lo que es posible que en estos se introduzca y admita prueba de referencia. *Otero,* 163 DPR a la pág. 733.

III.

Concluimos que nada de lo planteado por el Querellante justificaría la revocación de la Decisión. En primer lugar, sobre la base de la prueba documental presentada, DACo determinó que el Dealer le informó al Querellante, antes de que este comprase el Vehículo, que este había sido previamente chocado en el área del *bumper* delantero y que se le reemplazaron unas piezas junto con las etiquetas correspondientes. Tampoco el Querellante intenta controvertir que, luego de comprarlo, pudo usar el Vehículo por varios años sin problema alguno.

Aunque el Querellante asevera haber declarado que el Dealer nunca le informó sobre el Accidente Anterior, ante este supuesto

conflicto en la prueba, debemos deferencia a la adjudicación de DACo al respecto. Más aún, el Querellante tampoco nos colocó en posición de pasar juicio al respecto; adviértase que, cuando se impugnan determinaciones fácticas formuladas sobre la base de prueba oral, es imprescindible que se reproduzca la prueba oral. *Camacho Torres v. AAFET*, 168 DPR 66, 92 (2006); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 289-290 (2011); *U.P.R. Aguadilla v. Lorenzo Hernández*, 184 DPR 1001, 1013 (2012); Reglas 76 y 76.1 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 76 y 76.1.

En segundo lugar, aun si concluyéramos (sin resolverlo, por resultar innecesario) que el DACo erró al negarse a admitir la prueba documental sometida por el Querellante para intentar probar que el Vehículo fue declarado pérdida total a raíz del Accidente Anterior, de todas maneras procedería la confirmación de la Decisión. Aunque técnicamente el DACo determinó excluir esta prueba, en la Decisión, el DACo expresamente concluye que, de la misma, no surge que la aseguradora hubiese aseverado que el Vehículo en momento alguno haya sido pérdida total.

En efecto, en la Decisión se determinó que, "de la evidencia presentada por el Querellante no se desprende tal información y solo se indica que el vehículo sufrió un 'impacto mayor en la parte delantera' y una fotografía que muestra el vehículo impactado en la parte delantera". Surge, de un examen de la prueba ofrecida por el Querellante, que es claramente correcta esta apreciación del DACo. De todas maneras, no hay controversia sobre el hecho de que el Querellante, por varios años y hasta el Accidente Reciente, pudo utilizar sin problemas el Vehículo.

En fin, de la prueba documental ante el DACo surge que el Querellante fue informado sobre el Accidente Anterior y, además, no se demostró, ni aun con la prueba técnicamente excluida, que el

Vehículo hubiese sido declarado pérdida total, ni mucho menos que el Dealer tuviese conocimiento de ello.

IV.

Por los fundamentos antes expuestos, se confirma la Resolución recurrida.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones